IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) No.: 08 C 786 |
| SCHWARTZ COOPER, CHARTERED | ) Judge Coar |
| Defendant. | ) |

## FEDERAL INSURANCE COMPANY'S MOTION FOR EXPEDITED PRODUCTION AND ENFORCEMENT OF AN ARBITRATION SUBPOENA

Federal Insurance Company ("Federal") states as follows in support of its motion for expedited production and enforcement of an arbitration subpoena with which Schwartz Cooper Chartered (the "Schwartz Firm") has refused to comply:

1.  Federal is presently involved in an arbitration proceeding with EPS Solutions Corp. and Enterprise Profit Solutions Corp. (collectively, "EPS") pending in the American Arbitration Association (the "Arbitration") in which Federal seeks a declaration regarding its rights and obligations under the policy of directors and officers liability insurance that it issued to EPS. The issues in the Arbitration include the "insured versus insured" exclusion, the breach of the cooperation clause, among other coverage defenses.

2.  Federal has asserted in the Arbitration that EPS violated the cooperation clause when it filed a complaint in the United States District Court for the Northern District of Illinois against Deloitte & Touche and Jefferies & Company alleging that their key partners, Christopher Massey, Erik Watts and Jeffrey Weinhuff, who were intimately involved in the promotion and establishment of EPS and then became officers or directors of EPS,

committed various frauds in their promotion and establishment of EPS. Following that complaint, several of EPS's shareholders filed complaints against EPS and its directors and officers, Massey, Watts and Weinhuff, based upon virtually identical allegations. Accordingly, this lawsuit also triggered the "insured versus insured" exclusion in Federal's policy because EPS and its directors and officers called upon their insurers, including Federal, to pay for the defense of these claims.

3. The Schwartz Firm represented EPS at the time it filed the lawsuit described above and for some period of time thereafter.

4. The Arbitration Panel issued a subpoena *duces tecum* to the Schwartz Firm which Federal served on January 18, 2008. A copy of the subpoena is attached as Exhibit A.

5. From January 28 through February 4, 2008, counsel for Federal, Anne L. Blume, spoke with Seth M. Rosenberg of the Schwartz Firm on several occasions to discuss and obtain compliance with the subpoena. After consultation in person or by telephone and good faith attempts to resolve differences the parties are unable to reach an accord. The affidavit of Anne L. Blume is attached as Exhibit B.

6. The Schwartz Firm expressed concern regarding the attorney-client privilege and work product privileges which EPS might have over the documents in the Schwartz Firm's possession.

7. Counsel for Federal explained to the Schwartz Firm that the Arbitration Panel has issued a ruling to which EPS is bound that EPS and Federal have aligned interests such that the attorney-client privilege and work product privileges are inapplicable pursuant to

<u>Waste Management, Inc. v. Int'l Surplus Lines Ins. Co.</u>, 579 N.E.2d 322 (Ill. 1991), which ruling requires that Schwartz Cooper produce the requested documents to Federal. Federal's counsel provided Schwartz Cooper with a copy of the relevant pleadings in the Arbitration relating to this ruling as well as a copy of the Order from the Panel granting its motion.

8.     Federal's counsel explained that the privileges belong to the client, EPS, which is bound by the Panel's ruling and directed the Schwartz Firm to EPS's coverage counsel in the Arbitration to confirm the Panel's ruling under <u>Waste Management</u>.

9.     The Schwartz Firm has failed to provide any legally recognized reason for its refusal to comply with a validly issued and served subpoena. Indeed, the Schwartz Firm has not even attempted to explain why it believes the documents in its possession which are the subject of the subpoena might not be within the ambit of the Panel's ruling.

10.    Accordingly, the Schwartz Firm has waived any and all privileges that it might otherwise be able to claim. <u>See</u>, <u>Anderson v. Hale</u>, 202 F.R.D. 548 (N.D. Ill. 2001) ("Rule 26(b)(5) requires the objecting party to expressly make the claim of privilege and 'describe the nature of the documents, communications, or things not produced ... in a manner that, without revealing information itself privileged or protected, will enable [the] other part[y] to assess the applicability of the privilege or protection.'") <u>See also</u>, <u>Jones v. Ada S. McKinley Community Services</u>, 1989 WL 152352 (Nov. 28, 1989) (failure to raise privilege results in waiver).

11.    On February 5, 2008, Federal filed a Petition to Enforce Arbitration Subpoena that is presently before this Court. On February 6, 2008, Federal served the Schwartz Firm with the petition and summons.

3

12. Time is of the essence for Federal to obtain the documents which are the subject of the subpoena because they are essential to Federal's discovery in the Arbitration and the preparation of its case.

13. The discovery cut-off date in the Arbitration for certain discovery is March 3, 2008 and for other discovery, March 21, 2008. Federal cannot take certain key depositions without the documents in the possession of the Schwartz Firm. The documents directly relate to various policy exclusions and EPS's potential breaches of the policy, all of which are at issue in the Arbitration.

14. It is therefore essential that Federal have the opportunity to review these documents as soon as possible. Accordingly, Federal requests that this Court grant its petition to enforce the subpoena on an expedited basis and Order the Schwartz Firm to produce all documents responsive to the subpoena within seven (7) days hereof.

WHEREFORE, Federal Insurance Company respectfully requests that the Court enter an Order granting Federal's Motion for Expedited Production and Enforcement of an Arbitration Subpoena and requiring Schwartz Cooper Chartered to produce all documents

responsive to the subpoena within seven (7) days hereof and award such other and further relief as is just and proper.

Date:  February 7, 2008

Respectfully submitted,

_____
One of the attorneys for Federal Insurance Company

Janet R. Davis
Anne L. Blume
Meckler Bulger & Tilson LLP
123 North Wacker Drive
Suite 1800
Chicago, Illinois  60606
Tel:    312/474-7900
Fax:   312/474-7898
O:\6760\Schwartz Cooper Proceedings\Motion for Expedited Ruling.doc

## IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) AAA No.: 51 195 01043 04 |
| EPS SOLUTIONS CORP. and ENTERPRISE PROFIT SOLUTIONS CORP., | ) ) ) ) |
| Defendants. | ) ) |

### SUBPOENA *DUCES TECUM*
### (Documents)

FROM THE PEOPLE OF THE STATE OF ILLINOIS

　　To:　Schwartz Cooper Chartered
　　　　180 North LaSalle Street
　　　　Suite 2700
　　　　Chicago, IL 60601

WE COMMAND THAT, all business and excuses being laid aside, you produce and permit inspection, copying, testing, or sampling of documents, books, files, records, electronically stored information, or tangible things in your possession, custody or control as detailed and explained in the attached Rider to Subpoena *Duces Tecum*, within 7 business days, at your place of business, at a time to be agreed upon with the attorneys for Federal Insurance Company.

Signed: _____
　　　　　　　　　Arbitrator

REQUEST having been made by the attorneys for Federal Insurance Company
Janet R. Davis
Anne L. Blume
Meckler Bulger & Tilson LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 474-7900
Dated: January 10, 2008



## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, certify that I caused a copy of Federal Insurance Company's **Subpoena *Duces Tecum*** to be served on the following via Certified Mail/Return Receipt Requested:

>Schwartz Cooper Chartered
>180 North LaSalle Street
>Suite 2700
>Chicago, IL 60601

this 10th day of January, 2008.

*[signature: Nicole B. Robinson]*

O:\6760\arbitration Discovery\subpoena duces tecum to Schwartz Cooper.doc

IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) AAA No.: 51 195 01043 04 ) |
| EPS SOLUTIONS CORP. and ENTERPRISE PROFIT SOLUTIONS CORP., | ) ) ) ) ) |
| Defendants. | |

## RIDER TO SUBPOENA *DUCES TECUM*

### INSTRUCTIONS

1.　If any documents are withheld from production under a claim of privilege or other exemption from discovery, the party asserting privilege or other exemption must furnish a list signed by one of its attorneys identifying each document withheld and the information required under the Federal Rules of Civil Procedure for the assertion of any such privilege or exemption.

### DEFINITIONS

1.　"Federal" refers to the Federal Insurance Company.

2.　"EPS" refers to EPS Solutions Corp. and Enterprise Profit Solutions Corp., their agents, employees, officers, directors, attorneys and all persons either acting or purporting to act on its behalf, whether presently or formerly.

3.　"You" or "your" refers to the attorney(s), investigator(s), agent(s), assistant(s) or other individual(s) acting for or on behalf of EPS in connection with any matter concerning the roll-up, the Affirmative Case and the Underlying Matters as defined herein.

4. "Affirmative Case" refers to the action filed in the United States District Court for the Northern District of Illinois entitled <u>EPS Solutions Corporation v. Deloitte & Touche and Jefferies & Company</u>.

5. The "Underlying Matters" shall refer to the following lawsuits and arbitrations:

    a. The "Holden Action" refers to the action filed the United States District Court for the Northern District of Illinois entitled <u>James Holden and Christine Holden v. Deloitte and Touche, Jefferies & Company, Jeffery Weinhuff, Christopher P. Massey, EPS Solutions Corporation, and Enterprise Profit Solutions</u>, along with all related arbitration proceedings.

    b. The "TTR Action" refers to the action filed in the Superior Court of Massachusetts entitled <u>TTR Enterprises, Inc., Timm T. Runnion, John Ferris, David Spier, James P. Wadley, Dennis J. Donovan, K. John Gutshaw, William A. Frederick and Kathleen S. Burdorf v. Deloitte & Touche, LLP, EPS Solutions Corporation, and Enterprise Profit Solutions, Christopher P. Massey, Erik R. Watts, Mark C. Coleman, Jefferies & Company, Jeffrey Weinhuff, David Losito and Gibson, Dunn & Crutcher, LLP</u>, along with all related arbitration proceedings.

    c. The "Horowitz Action" refers to the action filed in the Superior Court of the State of California for the County of Orange, entitled <u>Horowitz Limited Partnership I v. Deloitte & Touche, LLP, EPS Solutions Corporation, and Enterprise Profit Solutions, Massey and Does 1 through 40</u>, and all subsequent arbitration proceedings.

    d. The "Shoecraft Actions" refers to the lawsuits filed in the United States District Court for the Northern District of Illinois against Deloitte & Touche, Massey,

Watts, Jefferies & Company, Jeffery Weinhuff, and others, and in one of the cases, that brought by claimant Shoecraft, in which the EPS entities were named as defendants, and all subsequent arbitration proceedings. A copy of the list of claimants is attached.

  e. The "Gould Action" refers to the arbitration proceedings initiated in the American Arbitration Association by Christopher W. Gould, individually and assignee of several others filed a demand for arbitration entitled <u>Christopher W. Gould, individually and as assignee of the interests of The Industrial Bank of Japan, Limited and IBJ Leasing Co., Ltd.; Barry P. Boothe; Donald W. Smiegiel; Harold J. Pertel; James s. Godry; Luke P. Bowes; Daniel Lavin; William M. Shore; Sue K. Waterhouse; Howard K. Weber; The McCully/Lueke Family Trust - - 1996, Robert A. McCully and Paulette A. Lueke, Trustees v. Deloitte & Touche, LLP; Christopher P. Massey; Jefferies & Company; and, Jeffry Weinhuff</u>.

  f. The "Lee Action" refers to the arbitration proceedings initiated in JAMS by Conrad P. Lee and additional claimants entitled <u>Conrad P. Lee and the other claimants listed on Appendix A v. EPS Solutions Corporation and Enterprise Profit Solutions Corporation</u>.

5. "Policies" shall refer to the following:

  a. National Union Fire Insurance Company of Pittsburgh policy no. 280-89-98 for the period June 1, 2000 through June 1, 2001;

  b. Federal Insurance Company policy no. 8156-21-54 ANBO for the period of June 1, 2000 through June 1, 2001;

  c. Fireman's Fund Insurance Company policy number CXD 600-03-73 for the period of June 1, 2000 through June 1, 2001;

3

      d.    Philadelphia Insurance Companies policy no. HEX0000756 for the period of June 1, 2000 through June 1, 2001;

      e.    National Union Fire Insurance Company of Pittsburgh policy no. 280-90-09 for the period June 1, 2000 through June 1, 2001; and

      f.    any other insurance policies which purport to provide insurance coverage to EPS for the liability of EPS and/or its directors and officers for the Underlying Matters.

      6.    The terms "document" or "documents" as used herein shall have the broadest possible meaning pursuant to the Federal Rules of Civil Procedure including, but not limited to, the original and all drafts of all written or graphic matter, however produced or reproduced, whether or not sent or received, and all copies thereof that are different in any way from the original, whether handwritten, typed, drawn, sketched, printed or recorded by a physical, mechanical, or electronic device, or other means, including without limitation e-mail, correspondence, memoranda, invoices, notes, books, records, papers, letters, messages, recordings, electronic and voice mail, pamphlets, brochures, articles, graphs, charts, plans, notebooks, spreadsheets, worksheets, lists, analyses, summaries, annual or periodic reports, minutes, telephone bills and records, expense reports, opinions, compilations, chronicles, minutes, agendas, contracts, agreements, reports, summaries, inter-office communications, notations of any sort of conversations, diaries, appointment books or calendars, planners, teletypes, telefax, thermafax, confirmations, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed) and all drafts, alterations, modifications, changes and amendments of any of the foregoing, and all graphic

or manuals records, or representations of any kind, including, but not limited to, tapes, cassettes, disks, magnetic media and recordings.

7. The term "person" means in the plural and in the singular, any person, corporation, firm, association, partnership, joint venture, or other form of legal or official entity, as the case may be.

8. The term "communication(s)" means the oral or written transmittal of information sent by you or received by you from any person, as well as any documents reflecting or recording the content of any oral communications in any form (including, without limitation, inter- and intra-office memoranda and other communications).

9. The terms "related to" or "concerning" mean about, addressing, alluding to, analyzing, commenting upon, comprising, concerning, embodying, evaluating, evidencing, examining, explaining, regarding, in respect of, memorializing, mentioning, noting, pertaining to, recording, reflecting, relevant to, respecting, responding to, setting forth, showing, stating, studying, summarizing, supporting, or touching upon, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

10. The term "any" means "any" or "all." The term "all" has the same meaning. The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed outside their scope.

11. The singular of any term shall include the plural, and the plural of any term shall include the singular.

5

## DOCUMENTS REQUESTED

1. All documents which evidence, reflect or relate to payment you received in any of the Underlying Matters and the Affirmative Case from any source whatsoever.

2. All documents which evidence, reflect or relate to your requests for payment from any source whatsoever for any of the Underlying Matters and the Affirmative Case.

3. All documents which touch upon, reflect or relate to your accounts receivable for any of the Underlying Matters and the Affirmative Case.

4. All documents which touch upon, reflect or relate to your accounts payable for any of the Underlying Matters and the Affirmative Case.

5. All documents which relate to, reference or evidence expenses incurred in any of the Underlying Matters and the Affirmative Case.

6. All documents which relate to or reflect any agreement with any person acting on behalf of EPS regarding the sharing of expenses incurred in the Underlying Matters or the Affirmative Case.

7. All documents which relate to or reflect any request that EPS pay any expenses incurred in the Underlying Matters or the Affirmative Case.

8. All documents which relate to or reflect any agreement that EPS pay you or any other attorneys purporting to act on its behalf in the Underlying Matters or the Affirmative Case.

9. All documents provided to you by any person that made a claim against EPS or any person acting on their behalf that in any way refer or relate to the coverage of the Policies.

10. All documents provided to you by any person that made a claim against EPS or any person acting on their behalf that in any way refer or relate to the investigation of the claims asserted in the Affirmative Case and the Underlying Matters.

11. All documents you sent to or received from any person that made a claim against EPS or any person acting on their behalf that refer or relate to the preparation of the Complaint or any other pleadings in any of the Underlying Matters.

12. All documents you sent to or received from any person that made a claim against EPS or any person acting on their behalf that refer or relate to strategy in any of the Underlying Matters and/or the Affirmative Case.

13. All documents which refer or relate to communications between you and any lawyers for any party in the Underlying Matters and/or the Affirmative Case.

14. All documents which refer or relate to meetings attended by you and any lawyers for any party in the Underlying Matters and/or the Affirmative Case.

15. All documents provided to you by any person that made a claim against EPS or any person acting on their behalf that in any way refer or relate to any deposition taken in the Underlying Matters or Affirmative Case.

16. All documents provided to you by any person that made a claim against EPS or any person acting on their behalf that in any way refer or relate to strategy in the Underlying Matters or Affirmative Case.

17. A copy of all indices, abstracts, summaries or memoranda relating to any deposition taken in the Underlying Matters or Affirmative Case prepared by any person whatsoever.

O:\6760\arbitration Discovery\schwartz cooper rider.doc

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 08 C 786 |
| SCHWARTZ COOPER, CHARTERED | ) ) | |
| Defendant. | ) ) ) ) | |

### AFFIDAVIT OF ANNE L. BLUME

I have personal knowledge of the facts contained in this affidavit and if called as a witness to testify in the cause, I could and would testify as follows:

1. I explained to Seth Rosenberg of Schwartz Cooper Chartered that the Arbitration Panel has issued a ruling to which EPS is bound that EPS and Federal have aligned interests such that the attorney-client privilege and work product privileges are inapplicable pursuant to Waste Management, Inc. v. Int'l Surplus Lines Ins. Co., 579 N.E.2d 322 (Ill. 1991), which ruling requires that Schwartz Cooper produce the requested documents to Federal. I provided Mr. Rosenberg with a copy of the relevant pleadings in the Arbitration relating to this ruling as well as a copy of the Order from the Panel granting the motion.

2. I explained that the privileges belong to the client, EPS, which is bound by the Panel's ruling and directed Mr. Rosenberg to EPS's coverage counsel in the Arbitration to confirm the Panel's ruling under Waste Management.

3. Mr. Rosenberg has told me on a few occasions that he must speak with a senior partner at the Firm in order to obtain direction regarding compliance with the


EXHIBIT B

subpoena but the meetings never seem to materialize. Federal is engaged in Arbitration with discovery cut-off dates which make the prompt production of these documents essential.

FURTHER AFFIANT SAYETH NAUGHT

_____
ANNE L. BLUME