## IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) AAA No.: 51 195 01043 04 ) |
| EPS SOLUTIONS CORP. and ENTERPRISE PROFIT SOLUTIONS CORP., | ) ) ) ) ) |
| Defendants. | |

### FEDERAL INSURANCE COMPANY'S REQUEST TO PRODUCE

Federal Insurance Company requests that EPS Solutions Corp. and Enterprise Profit Solutions Corp. produce the following documents at Meckler Bulger & Tilson, 123 North Wacker Drive, Suite 1800, Chicago, Illinois, for inspection and copying within 30 days:

### INSTRUCTIONS

1. If any documents are withheld from production under a claim of privilege or other exemption from discovery, the party asserting privilege or other exemption must furnish a list signed by one of its attorneys identifying each document withheld and the information required under the Federal Rules of Civil Procedure for the assertion of any such privilege or exemption.

2. This request for production shall be continuing in nature so as to require supplemental production of any additional responsive documents that are obtained between the time of initial production and the time of arbitration.

### DEFINITIONS

1. "Federal" refers to the Federal Insurance Company.


EXHIBIT A

2.  "EPS" or "you" or "your" refers to EPS Solutions Corp. and Enterprise Profit Solutions Corp., their agents, employees, officers, directors, attorneys and all persons either acting or purporting to act on its behalf, whether presently or formerly.

3.  "EPS' Affirmative Case" refers to the action filed in the United States District Court for the Northern District of Illinois entitled <u>EPS Solutions Corporation v. Deloitte & Touche and Jefferies & Company</u>.

4.  The "Underlying Matters" shall refer to the following lawsuits and arbitrations:

   a.  The "Holden Action" refers to the action filed the United States District Court for the Northern District of Illinois entitled <u>James Holden and Christine Holden v. Deloitte and Touche, Jefferies & Company, Jeffery Weinhuff, Christopher P. Massey, EPS Solutions Corporation, and Enterprise Profit Solutions</u>, along with all related arbitration proceedings.

   b.  The "TTR Action" refers to the action filed in the Superior Court of Massachusetts entitled <u>TTR Enterprises, Inc., Timm T. Runnion, John Ferris, David Spier, James P. Wadley, Dennis J. Donovan, K. John Gutshaw, William A. Frederick and Kathleen S. Burdorf v. Deloitte & Touche, LLP, EPS Solutions Corporation, and Enterprise Profit Solutions, Christopher P. Massey, Erik R. Watts, Mark C. Coleman, Jefferies & Company, Jeffrey Weinhuff, David Losito and Gibson, Dunn & Crutcher, LLP</u>, along with all related arbitration proceedings.

   c.  The "Horowitz Action" refers to the action filed in the Superior Court of the State of California for the County of Orange, entitled <u>Horowitz Limited Partnership I</u>

2

<u>v. Deloitte & Touche, LLP, EPS Solutions Corporation, and Enterprise Profit Solutions, Massey and Does 1 through 40</u>, and all subsequent arbitration proceedings.

d. The "Shoecraft Actions" refers to the lawsuits filed in the United States District Court for the Northern District of Illinois against Deloitte & Touche, Massey, Watts, Jefferies & Company, Jeffery Weinhuff, and others, and in one of the cases, that brought by claimant Shoecraft, in which the EPS entities were named as defendants, and all subsequent arbitration proceedings. A copy of the list of claimants is attached.

e. The "Gould Action" refers to the arbitration proceedings initiated in the American Arbitration Association by Christopher W. Gould, individually and assignee of several others filed a demand for arbitration entitled <u>Christopher W. Gould, individually and as assignee of the interests of The Industrial Bank of Japan, Limited and IBJ Leasing Co., Ltd.; Barry P. Boothe; Donald W. Smiegiel; Harold J. Pertel; James s. Godry; Luke P. Bowes; Daniel Lavin; William M. Shore; Sue K. Waterhouse; Howard K. Weber; The McCully/Lueke Family Trust - - 1996, Robert A. McCully and Paulette A. Lueke, Trustees v. Deloitte & Touche, LLP; Christopher P. Massey; Jefferies & Company; and, Jeffry Weinhuff</u>.

5. "Complaint" shall refer to the Supplemental Arbitration Demand filed in this matter in the American Arbitration Association under docket number 51 195 01043 04.

6. "Policies" shall refer to the policies of insurance issued by National Union Fire Insurance Company of Pittsburgh, Federal Insurance Company, Firemen's' Fund Insurance Company, and Philadelphia Insurance Company to EPS or which provide insurance coverage similar to that which is at issue in this Arbitration.

7. "Document" or "documents" is used in the broadest sense and refers to every original (and every draft or copy which bears markings or differs in any way from the others) of any writing or recording of any kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by a physical, mechanical, or electronic device, or other means, including without limitation, correspondence, memoranda, invoices, books, records, papers, notes, letters, messages, recordings, electronic and voice mail, pamphlets, brochures, articles, blueprints, maps, drawings, sketches, graphs, charts, plans, reports, notebooks, diaries, calendars, planners, appointment books, worksheets, lists, analyses, summaries, tax returns, financial statements, annual or other periodic reports, minutes, telephone bills and records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, canceled checks, receipts, contracts, agreements, applications, offers, acceptances, proposals, purchase orders, invoices, bills of lading, written memorials or oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and videotapes.

8. The terms "document" or "documents" as used herein shall have the broadest possible meaning pursuant to the Federal Rules of Civil Procedure including, but not limited to, the original and all drafts of all written or graphic matter, however produced or reproduced, whether or not sent or received, and all copies thereof that are different in any way from the original, including, but not limited to, e-mail, correspondence, memoranda, notes, spreadsheets, opinions, compilations, chronicles, minutes, agendas, contracts, agreements, reports, summaries, inter-office communications, notations of any sort of conversations, diaries, appointment books or calendars, teletypes, telefax, thermafax, confirmations, computer data (including information or programs stored in a computer,

whether or not ever printed out or displayed) and all drafts, alterations, modifications, changes and amendments of any of the foregoing, and all graphic or manuals records, or representations of any kind, including, but not limited to, tapes, cassettes, disks, magnetic media and recordings.

9. The term "person" means in the plural and in the singular, any person, corporation, firm, association, partnership, joint venture, or other form of legal or official entity, as the case may be.

10. The term "communication(s)" means the oral or written transmittal of information sent by you or received by you from any person, as well as any documents reflecting or recording the content of any oral communications in any form (including, without limitation, inter- and intra-office memoranda and other communications).

11. The terms "related to" or "concerning" mean about, addressing, alluding to, analyzing, commenting upon, comprising, concerning, embodying, evaluating, evidencing, examining, explaining, regarding, in respect of, memorializing, mentioning, noting, pertaining to, recording, reflecting, relevant to, respecting, responding to, setting forth, showing, stating, studying, summarizing, supporting, or touching upon, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

12. The term "any" means "any" or "all." The term "all" has the same meaning. The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed outside their scope.

13. The singular of any term shall include the plural, and the plural of any term shall include the singular.

14. The Requests for Production seek all documents generated in the time period 1997 to the present unless otherwise stated.

## REQUESTS FOR PRODUCTION

1. All documents that refer or relate to the issuance or negotiation of the Policies, and any applications therefor.

2. All documents that refer or relate to your efforts in procuring directors and officers liability insurance coverage for the period of 1997 to the present.

3. All documents that refer or relate to communications you made to any insurance agent, broker, insurer or potential insurer regarding your knowledge of circumstances of potential claims after 1997.

4. All documents that refer or relate to notice and the request for reimbursement of defense expenses you provided to any agent, broker or insurer for any of the Underlying Matters.

5. All documents that refer or relate to the authority of EPS' general counsel.

6. All documents that refer or relate to the authority of Bollinger, Ruberry & Garvey to act on your behalf relating to the subject matter of the Affirmative Case and any of the Underlying Matters.

7. All documents that refer or relate to communications with any insurer regarding the selection of counsel to represent EPS in the Underlying Matters.

8. All documents that refer or relate to an agreement by any insurer regarding the selection of counsel to represent EPS in the Underlying Matters.

6

9. All invoices for legal services relating to the Underlying Matters and the Affirmative Case including, but not limited to, those which pre-date December 2000.

10. All documents from any source whatsoever relating to the investigation of the claims in the Affirmative Case and the Underlying Matters.

11. All notes, diaries or minutes of meetings which reflect or relate to the investigation of the claims in the Affirmative Case and the Underlying Matters.

12. All invoices from any source whatsoever relating to the investigation of the claims in the Affirmative Case and the Underlying Matters.

13. All documents that refer or relate to the preparation of the Complaint filed in the Affirmative Case.

14. All documents sent to or received from any claimant in any of the Underlying Matters that refer or relate to the Underlying Matters and/or the Affirmative Case.

15. All documents reflecting or relating to the securities any claimant in any of the Underlying Matters held in EPS at any time.

16. All documents reflecting or relating to the securities held in EPS at any time by any defendant or any person whose name is mentioned in the complaint EPS filed in the Affirmative Case.

17. All correspondence and emails sent to or received from counsel for any claimant in the Underlying Matters relating to the Affirmative Case or the Underlying Matters.

18. All correspondence and emails sent to or received from any claimant in the Underlying Matters relating to the Affirmative Case or the Underlying Matters.

19. All documents that refer or relate to any agreements EPS reached with any insurer relating to expert witness services in any of the Underlying Matters or in the Affirmative Case.

20. All documents that refer or relate to any agreements EPS reached with any party, entity or individual regarding expert witness testimony in any of the Underlying Matters or in the Affirmative Case.

21. All documents sent to or received from Navigant Consulting Services or any of its agents or employees relating to the Underlying Matters or the Affirmative Case.

22. All documents sent to or received from any expert witness or consultant for any party that refer or relate to the Underlying Matters or the Affirmative Case.

23. All documents which refer or relate to communications between EPS' attorneys and any expert witness or consultant for any party in the Underlying Matters.

24. All documents sent to or received from any lawyer for any claimant in any of the Underlying Matters that refer or relate to the Underlying Matters and/or the Affirmative Case.

25. All documents which refer or relate to communications between EPS' attorneys and any lawyers for any party in the Underlying Matters.

26. All documents which refer or relate to the fraud EPS alleged against Massey, Watts and Weinhuff in the Affirmative Case.

27. All documents which refer or relate to a consulting agreement with any former EPS employee relating to the Underlying Matters or the Affirmative Case.

28. A copy of all expense reports with supporting documentation submitted by EPS' counsel to National Union for reimbursement in any of the Underlying Matters.

29. A copy of all invoices from any source submitted to National Union for reimbursement.

30. A copy of all documents from any source relating or referring to potential conflicts of interests of any Bollinger, Ruberry & Garvey attorneys in the Affirmative Case or any of the Underlying Matters.

31. A copy of all documents referring or relating to any agreements or potential agreements with any of EPS' lenders relating to the subject matter of the Affirmative Case or any of the Underlying Matters.

32. All pleadings, motions, memoranda or any other documents served or filed in the Affirmative Case and any of the Underlying Matters.

33. A copy of all abstracts or summaries of any deposition taken in the Underlying Matters or Affirmative Case for which payment was sought from any insurer.

34. A copy of all status reports that were sent to National Union or any other insurer or counsel for any insurer.

35. A copy of any and all documents generated or received by counsel for EPS in any of the Underlying Matters or the Affirmative Case for which EPS sought reimbursement under the policy of insurance issued by National Union or Federal.

36. All documents relating to all damages for which you claim Federal is liable in your counterclaim.

37. Copies of all documents you plan to use as an exhibit at arbitration or any deposition in this matter.

                                              FEDERAL INSURANCE COMPANY

By: _____
           One of Its attorneys

Janet R. Davis
Anne L. Blume
Meckler Bulger & Tilson, LLP
123 N. Wacker Drive
Suite 1800
Chicago, IL 60606
(312) 474-7900
(312) 474-7898 Fax
O:\6760\arbitration Pleadings\doc requests 001 alb.doc

10

## IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EPS SOLUTIONS CORP. and )<br>ENTERPRISE PROFIT )<br>SOLUTIONS CORP., )<br>)<br>Defendants. | AAA No.: 51 195 01043 04 |

### CERTIFICATE OF SERVICE

The undersigned certifies that she served a true and correct copy of Federal Insurance Company's Request to Produce to the individual below on July 29, 2005:

**Via Facsimile**

Mr. Anthony G. Barone
Barone & Jenkins, P.C.
721 Enterprise Drive
Oak Brook, Illinois 60523

_____
Anne L. Blume

O:\6760\arbitration Pleadings\CERTIFICATE OF SERVICE 002.doc