Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 7411 | DATE | AUG 28, 2002 |
| CASE TITLE | EPS Solutions v Deloitte & Touche LLP., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ Order Jeffries' motion to compel arbitration is denied. This action is stayed pending resolution of the Holden arbitration.
(11) ■ For further detail see order attached to the original minute order.

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | AUG 3 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 89 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**AUG 3 0 2002**

EPS SOLUTIONS CORPORATION and )
ENTERPRISE PROFIT SOLUTIONS )
CORPORATION, )
                    Plaintiffs )
                    v. )    No.   00 C 7411

DELOITTE & TOUCHE LLP and )    Judge Robert W. Gettleman
JEFFERIES & COMPANY, INC., )
                    Defendants. )

## ORDER

Plaintiffs EPS Solutions Corp. and Enterprise Profit Solutions Corp. ("EPS") have sued Deloitte & Touche and Jefferies & Company alleging a complex scheme conducted by those defendants and others acting in concert with them to form plaintiff, a company comprised of entities that are or were engaged in business service fields. The complaint alleges that defendants misrepresented, concealed, and failed to disclose material facts, and breached fiduciary duties owed to plaintiff.[1] In two of many related actions, Hoffman, et al. v. Deloitte & Touche, et al., No. 00 C 7412 and Holden, et al. v. Deloitte & Touche, et al., No. 00 C 7488, the court ordered the parties to submit their claims to binding arbitration. Hoffman v. Deloitte & Touche, 143 F. Supp.2d 995 (N.D. Ill. 2001). As a result of that order, EPS, Deloitte & Touche, Jefferies and others entered into an arbitration agreement in the Holden arbitration which allowed the parties to bring cross and/or counterclaims against each other. EPS has brought a cross-claim in that

---

[1] A more complete description of the allegations of the case be found in the court's opinion denying defendants' motion to dismiss. EPS v. Deloitte & Touche, 2002 WL 441510 (N.D. Ill. 2002).



arbitration against Deloitte & Touche and Jefferies which basically mirrors its allegations in the instant matter. As a result, Jefferies has moved to compel arbitration of the instant case, and Deloitte & Touche has moved to stay the instant case pending the Holden arbitration. For the reasons set forth below, Jefferies' motion is denied, but Deloitte & Touche's motion is granted.

This court's order in Hoffman, 143 F. Supp.2d 995, requiring arbitration of the Holden case, was based on the wording of the arbitration clause contained in the Holden Stock Purchase Agreement. The parties then entered into a new arbitration agreement which provides that:

> This Agreement is intended to modify, to the extent set forth herein, the provisions of the Stock Purchase Agreement relating to arbitration of controversies or claims arising out of or relating to the Stock Purchase Agreement. (Emphasis added)

The provision of the Arbitration Agreement (¶ 2) relating to cross-claims is not so limited, however, allowing the parties to raise new or different claims:

> Nothing herein shall preclude any party from asserting a new or different claim, counter-claim or cross-claim, to the extent permitted by the rules of the AAA Commercial Arbitration Rules.

Jefferies argues that by filing a cross-claim in the arbitration that is identical to its complaint in the instant action, plaintiff has agreed and should be compelled to arbitrate the instant matter. This argument might be persuasive if Jefferies was correct in its underlying premise that the cross-claim is identical to the complaint. It is not. Although it is true that the cross-claim and complaint contain identical factual allegations and legal theories, the claims are not identical. Each claim in the cross-claim is limited by an additional allegation asserting that, "to the extent that EPS is liable to the Claimants for damages resulting from any act described above . . . Deloitte & Touche and Jefferies are liable to EPS." Thus, the cross-claim is more akin

2

to a third-party complaint, seeking damages from Deloitte & Touche and Jefferies only to the extent that EPS may be found to be liable to Holden based on Deloitte & Touche's and Jefferies' alleged illegal acts. In contrast, the instant complaint has no such limitation; it seeks damages against Deloitte & Touche and Jefferies generally, for all injuries incurred by EPS. Thus, EPS has not agreed to arbitrate all the claims raised in the instant case. Instead, in the arbitration proceedings it has brought only those claims related to the Holden's claims. Therefore, Jefferies' motion to compel arbitration is denied.

It is true, however, as Deloitte & Touche asserts, that all of the factual allegations and legal theories of misconduct alleged in the instant complaint are also alleged in the arbitration cross-claim. Thus, Deloitte & Touche is also correct that EPS has created a situation where it is prosecuting simultaneously two actions that require the same proof for different claims. All parties have acknowledged that discovery in the two matters overlap, and even plaintiff must acknowledged that absent its limited claim for damages in the arbitration, the pleadings in the two cases are substantially identical. Because plaintiff has agreed to litigate the issues of Deloitte & Touche's and Jefferies' misconduct in the course of the Holden arbitration, the court concludes that it is in the interest of judicial economy to stay the instant proceeding pending the Holden arbitration.

Accordingly, (a) Jefferies' motion to compel arbitration is denied, (b) this action is stayed pending resolution of the Holden arbitration; and (c) the parties are directed to report to the court

3

on the progress of the arbitration on the previously set status date of October 31, 2002, at 9:15 a.m.

**ENTER:**     **August 28, 2002**

_____
Robert W. Gettleman
United States District Judge