# American Arbitration Association

FEDERAL INSURANCE COMPANY ("CLAIMANT") AND EPS SOLUTIONS CORPORATION; ENTERPRISE PROFIT SOLUTIONS CORP. ("RESPONDENT") – CHICAGO, ILLINOIS
CLAIM NON-MONETARY

Preliminary Hearing Scheduling Order # ____7____    Case # 51 195 01043 04

## REPORT OF PRELIMINARY HEARING, TELEPHONE CONFERENCE AND SCHEDULING ORDER

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA), a preliminary hearing was held by conference call on July 26, 2007, before Arbitrators Alexander R. Domanskis, J. Timothy Eaton and Richard Rhodes. Appearing at the hearing were Carissa Langston for the American Arbitration Association, Anne Blume for Claimant and Anthony Barone for Respondent.

By Agreement of the parties and Order of the Arbitrators, the following is now in effect:

1. Claimant's Second Motion to Compel Production of Documents is granted. Respondent is to produce documents to Claimant no later than August 26, 2007, and if Respondent requests further review whether certain documents should not be produced, then Respondent is to produce any such documents to the Arbitrators no later than August 26, 2007 for in camera determination.

2. If necessary, the parties are granted leave to file Motions to Compel Production of Documents up to and including August 9, 2007, the opposing party is given up to and including August 23, 2007, to respond and moving party is given up to and including August 30, 2007, to reply.

3. Written discovery, except for discovery related to experts, shall be completed on or before October 26, 2007. All discovery is to be completed on or before December 21, 2007.

4. A further preliminary hearing telephone conference shall take place on September 10, 2007 at 9:30 a.m. CST.

5. a) Pursuant to the direction of the Arbitrators, Claimant shall serve and file a disclosure of all witnesses reasonably expected to be called by the Claimant on or before January 7, 2008.

b) Pursuant to the direction of the Arbitrators, Respondent shall serve and file a disclosure of all witness reasonably expected to be called by the Respondent on or before January 7, 2008.

c) The disclosure of witnesses shall include the full name of each witness, a short summary of anticipated testimony, copies of any experts reports, and written C.V. of experts. If certain required information is not available, the disclosures shall so state. Each party shall be responsible for updating its disclosures as such information becomes available. The duty to update this information continues up to and including the date that hearing in this matter terminates.

EXHIBIT C

     d) The parties shall make arrangements to schedule the attendance of witnesses so that the case can proceed with all due expedition and without any unnecessary delay.

     e) The party presenting evidence shall give notice to the other party the day before of the names of the witnesses who will be called to testify the next day and the order in which the witnesses will be called.

6.    a) Not later than January 11, 2008, the parties shall exchange copies of (or, when appropriate, make available for inspection) all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the hearing. Each proposed exhibit shall be premarked for identification using the following designations:

| PARTY | EXHIBIT # | to | EXHIBIT # |
|---|---|---|---|
| _____ | _____ | | _____ |
| _____ | _____ | | _____ |
| _____ | _____ | | _____ |
| _____ | _____ | | _____ |

     b) The parties shall attempt to agree upon and submit a jointly prepared consolidated and comprehensive set of joint exhibits.

7.    Hearing in this matter will commence before the Arbitrators at the law offices of Shefsky & Froelich, Ltd., 111 East Wacker Drive, Suite 2800, Chicago, Illinois on January 14, 2008 at 9:30 a.m. The parties estimate that this case may require up to ten (10) days of hearing time, inclusive of arguments, so Monday through Friday through January 25, 2008 is also reserved for the Hearing.

8.    Any and all documents to be filed with or submitted to the Arbitrators outside the hearing,

     a. shall be given to the AAA Case Administrator and directly to the Arbitrators.

     b. COPIES OF SAID DOCUMENTS SHALL ALSO BE SENT SIMULTANEOUSLY TO THE OPPOSING PARTY. There shall be *no* direct oral communication between the parties and the arbitrators, except at oral hearings.

9.    Pursuant to the direction of the Arbitrators, any other preliminary matters not otherwise provided for herein shall be raised by January 7, 2008.

10. All deadlines stated herein will be strictly enforced. After such deadline, the parties may not file such motions except with the permission of the Arbitrators, good cause having been shown.

11. This order shall continue in effect unless and until amended by subsequent order of the Arbitrators.

Dated: as of July 26, 2007

_____
Arbitrator's Signature

_____
Arbitrator's Signature

_____
Arbitrator's Signature

10.　All deadlines stated herein will be strictly enforced. After such deadline, the parties may not file such motions except with the permission of the Arbitrators, good cause having been shown.

11.　This order shall continue in effect unless and until amended by subsequent order of the Arbitrators.

Dated: as of July 26, 2007

_____
Arbitrator's Signature

_____
Arbitrator's Signature

_____
Arbitrator's Signature

10. All deadlines stated herein will be strictly enforced. After such deadline, the parties may not file such motions except with the permission of the Arbitrators, good cause having been shown.

11. This order shall continue in effect unless and until amended by subsequent order of the Arbitrators.

Dated: as of July 26, 2007

_____
Arbitrator's Signature

_____
Arbitrator's Signature

_____
Arbitrator's Signature