01/10/2008

IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| EPS SOLUTIONS CORP. and ENTERPRISE PROFIT SOLUTIONS CORP., | ) AAA No.: 51 195 01043 04 ) ) ) |
| Defendants. | ) ) |

**SUBPOENA *DUCES TECUM***
(Documents)

FROM THE PEOPLE OF THE STATE OF ILLINOIS

To:   Schwartz Cooper Chartered
      180 North LaSalle Street
      Suite 2700
      Chicago, IL 60601

WE COMMAND THAT, all business and excuses being laid aside, you produce and permit inspection, copying, testing, or sampling of documents, books, files, records, electronically stored information, or tangible things in your possession, custody or control as detailed and explained in the attached Rider to Subpoena *Duces Tecum*, within 7 business days, at your place of business, at a time to be agreed upon with the attorneys for Federal Insurance Company.

Signed: _____
              Arbitrator

REQUEST having been made by the attorneys for Federal Insurance Company
Janet R. Davis
Anne L. Blume
Meckler Bulger & Tilson LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 474-7900
Dated: January 10, 2008

EXHIBIT D

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, certify that I caused a copy of Federal Insurance Company's **Subpoena *Duces Tecum*** to be served on the following via Certified Mail/Return Receipt Requested:

>Schwartz Cooper Chartered
>180 North LaSalle Street
>Suite 2700
>Chicago, IL 60601

this 10th day of January, 2008.

*[signature: Nicole B. Robinson]*

O:\6760\arbitration Discovery\subpoena duces tecum to Schwartz Cooper.doc

## IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> EPS SOLUTIONS CORP. and ENTERPRISE PROFIT SOLUTIONS CORP., <br><br> Defendants. | ) ) ) ) ) ) ) ) AAA No.: 51 195 01043 04 ) ) ) ) ) ) |

## RIDER TO SUBPOENA *DUCES TECUM*

### INSTRUCTIONS

1. If any documents are withheld from production under a claim of privilege or other exemption from discovery, the party asserting privilege or other exemption must furnish a list signed by one of its attorneys identifying each document withheld and the information required under the Federal Rules of Civil Procedure for the assertion of any such privilege or exemption.

### DEFINITIONS

1. "Federal" refers to the Federal Insurance Company.

2. "EPS" refers to EPS Solutions Corp. and Enterprise Profit Solutions Corp., their agents, employees, officers, directors, attorneys and all persons either acting or purporting to act on its behalf, whether presently or formerly.

3. "You" or "your" refers to the attorney(s), investigator(s), agent(s), assistant(s) or other individual(s) acting for or on behalf of EPS in connection with any matter concerning the roll-up, the Affirmative Case and the Underlying Matters as defined herein.

4.  "Affirmative Case" refers to the action filed in the United States District Court for the Northern District of Illinois entitled <u>EPS Solutions Corporation v. Deloitte & Touche and Jefferies & Company</u>.

5.  The "Underlying Matters" shall refer to the following lawsuits and arbitrations:

    a.  The "Holden Action" refers to the action filed the United States District Court for the Northern District of Illinois entitled <u>James Holden and Christine Holden v. Deloitte and Touche, Jefferies & Company, Jeffery Weinhuff, Christopher P. Massey, EPS Solutions Corporation, and Enterprise Profit Solutions</u>, along with all related arbitration proceedings.

    b.  The "TTR Action" refers to the action filed in the Superior Court of Massachusetts entitled <u>TTR Enterprises, Inc., Timm T. Runnion, John Ferris, David Spier, James P. Wadley, Dennis J. Donovan, K. John Gutshaw, William A. Frederick and Kathleen S. Burdorf v. Deloitte & Touche, LLP, EPS Solutions Corporation, and Enterprise Profit Solutions, Christopher P. Massey, Erik R. Watts, Mark C. Coleman, Jefferies & Company, Jeffrey Weinhuff, David Losito and Gibson, Dunn & Crutcher, LLP</u>, along with all related arbitration proceedings.

    c.  The "Horowitz Action" refers to the action filed in the Superior Court of the State of California for the County of Orange, entitled <u>Horowitz Limited Partnership I v. Deloitte & Touche, LLP, EPS Solutions Corporation, and Enterprise Profit Solutions, Massey and Does 1 through 40</u>, and all subsequent arbitration proceedings.

    d.  The "Shoecraft Actions" refers to the lawsuits filed in the United States District Court for the Northern District of Illinois against Deloitte & Touche, Massey,

2

Watts, Jefferies & Company, Jeffery Weinhuff, and others, and in one of the cases, that brought by claimant Shoecraft, in which the EPS entities were named as defendants, and all subsequent arbitration proceedings. A copy of the list of claimants is attached.

e.  The "Gould Action" refers to the arbitration proceedings initiated in the American Arbitration Association by Christopher W. Gould, individually and assignee of several others filed a demand for arbitration entitled <u>Christopher W. Gould, individually and as assignee of the interests of The Industrial Bank of Japan, Limited and IBJ Leasing Co., Ltd.; Barry P. Boothe; Donald W. Smiegiel; Harold J. Pertel; James s. Godry; Luke P. Bowes; Daniel Lavin; William M. Shore; Sue K. Waterhouse; Howard K. Weber; The McCully/Lueke Family Trust - - 1996, Robert A. McCully and Paulette A. Lueke, Trustees v. Deloitte & Touche, LLP; Christopher P. Massey; Jefferies & Company; and, Jeffry Weinhuff.</u>

f.  The "Lee Action" refers to the arbitration proceedings initiated in JAMS by Conrad P. Lee and additional claimants entitled <u>Conrad P. Lee and the other claimants listed on Appendix A v. EPS Solutions Corporation and Enterprise Profit Solutions Corporation.</u>

5.  "Policies" shall refer to the following:

a.  National Union Fire Insurance Company of Pittsburgh policy no. 280-89-98 for the period June 1, 2000 through June 1, 2001;

b.  Federal Insurance Company policy no. 8156-21-54 ANBO for the period of June 1, 2000 through June 1, 2001;

c.  Fireman's Fund Insurance Company policy number CXD 600-03-73 for the period of June 1, 2000 through June 1, 2001;

3

d. Philadelphia Insurance Companies policy no. HEX0000756 for the period of June 1, 2000 through June 1, 2001;

e. National Union Fire Insurance Company of Pittsburgh policy no. 280-90-09 for the period June 1, 2000 through June 1, 2001; and

f. any other insurance policies which purport to provide insurance coverage to EPS for the liability of EPS and/or its directors and officers for the Underlying Matters.

6. The terms "document" or "documents" as used herein shall have the broadest possible meaning pursuant to the Federal Rules of Civil Procedure including, but not limited to, the original and all drafts of all written or graphic matter, however produced or reproduced, whether or not sent or received, and all copies thereof that are different in any way from the original, whether handwritten, typed, drawn, sketched, printed or recorded by a physical, mechanical, or electronic device, or other means, including without limitation e-mail, correspondence, memoranda, invoices, notes, books, records, papers, letters, messages, recordings, electronic and voice mail, pamphlets, brochures, articles, graphs, charts, plans, notebooks, spreadsheets, worksheets, lists, analyses, summaries, annual or periodic reports, minutes, telephone bills and records, expense reports, opinions, compilations, chronicles, minutes, agendas, contracts, agreements, reports, summaries, inter-office communications, notations of any sort of conversations, diaries, appointment books or calendars, planners, teletypes, telefax, thermafax, confirmations, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed) and all drafts, alterations, modifications, changes and amendments of any of the foregoing, and all graphic

or manuals records, or representations of any kind, including, but not limited to, tapes, cassettes, disks, magnetic media and recordings.

7. The term "person" means in the plural and in the singular, any person, corporation, firm, association, partnership, joint venture, or other form of legal or official entity, as the case may be.

8. The term "communication(s)" means the oral or written transmittal of information sent by you or received by you from any person, as well as any documents reflecting or recording the content of any oral communications in any form (including, without limitation, inter- and intra-office memoranda and other communications).

9. The terms "related to" or "concerning" mean about, addressing, alluding to, analyzing, commenting upon, comprising, concerning, embodying, evaluating, evidencing, examining, explaining, regarding, in respect of, memorializing, mentioning, noting, pertaining to, recording, reflecting, relevant to, respecting, responding to, setting forth, showing, stating, studying, summarizing, supporting, or touching upon, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

10. The term "any" means "any" or "all." The term "all" has the same meaning. The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed outside their scope.

11. The singular of any term shall include the plural, and the plural of any term shall include the singular.

## DOCUMENTS REQUESTED

1. All documents which evidence, reflect or relate to payment you received in any of the Underlying Matters and the Affirmative Case from any source whatsoever.

2. All documents which evidence, reflect or relate to your requests for payment from any source whatsoever for any of the Underlying Matters and the Affirmative Case.

3. All documents which touch upon, reflect or relate to your accounts receivable for any of the Underlying Matters and the Affirmative Case.

4. All documents which touch upon, reflect or relate to your accounts payable for any of the Underlying Matters and the Affirmative Case.

5. All documents which relate to, reference or evidence expenses incurred in any of the Underlying Matters and the Affirmative Case.

6. All documents which relate to or reflect any agreement with any person acting on behalf of EPS regarding the sharing of expenses incurred in the Underlying Matters or the Affirmative Case.

7. All documents which relate to or reflect any request that EPS pay any expenses incurred in the Underlying Matters or the Affirmative Case.

8. All documents which relate to or reflect any agreement that EPS pay you or any other attorneys purporting to act on its behalf in the Underlying Matters or the Affirmative Case.

9. All documents provided to you by any person that made a claim against EPS or any person acting on their behalf that in any way refer or relate to the coverage of the Policies.

6

10. All documents provided to you by any person that made a claim against EPS or any person acting on their behalf that in any way refer or relate to the investigation of the claims asserted in the Affirmative Case and the Underlying Matters.

11. All documents you sent to or received from any person that made a claim against EPS or any person acting on their behalf that refer or relate to the preparation of the Complaint or any other pleadings in any of the Underlying Matters.

12. All documents you sent to or received from any person that made a claim against EPS or any person acting on their behalf that refer or relate to strategy in any of the Underlying Matters and/or the Affirmative Case.

13. All documents which refer or relate to communications between you and any lawyers for any party in the Underlying Matters and/or the Affirmative Case.

14. All documents which refer or relate to meetings attended by you and any lawyers for any party in the Underlying Matters and/or the Affirmative Case.

15. All documents provided to you by any person that made a claim against EPS or any person acting on their behalf that in any way refer or relate to any deposition taken in the Underlying Matters or Affirmative Case.

16. All documents provided to you by any person that made a claim against EPS or any person acting on their behalf that in any way refer or relate to strategy in the Underlying Matters or Affirmative Case.

17. A copy of all indices, abstracts, summaries or memoranda relating to any deposition taken in the Underlying Matters or Affirmative Case prepared by any person whatsoever.

O:\6760\arbitration Discovery\schwartz cooper rider.doc